Essex Common Pleas.

Anthony Salgado, petitioner-appellant,

*v.*

Central Dyestuff and Chemical Company, defendant-respondent.

**Workmen's Compensation — Hernia — Statute Provides Five Points Upon Which Conclusive Proof Must be Produced Unless Real Traumatic Hernia is Shown—Appeal From Compensation Bureau Decision—Presumptuous to Set Aside Rule Relating to Weight of Evidence—Though Evidence Conflicting, There is Ample Ground for Sustaining the Bureau Finding.**

On appeal from workmen's compensation bureau.

*Mr. Harry Unger,* for the appellant.

*Mr. Mark Townsend,* for the respondent.

Caffrey, J.

The petitioner made a claim under the act of 1911, paragraph 11, subdivision 10, as amended by *P. L. 1923 ch. 49,* with particular reference to hernia as a basis for compensation, reading as follows:

"Hernia is a disease which, ordinarily, develops gradually, being very rarely the result of an accident. Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that— first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernia region; third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above facts were of such severity that the

same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

The deputy commissioner found against the petitioner and dismissed the case. The petitioner claimed that the hernia was caused by a sudden effort or a severe strain. When a claim is made under this paragraph, distinguishing it from a "real traumatic hernia" mentioned in the same subdivision, the statute imposes on the complainant the duty of establishing by conclusive proof the following:

"First, the descent of the hernia immediately followed the cause;

"Second, that there was severe pain in the hernia region;

"Third, that there was such prostration that the employe was compelled to cease work immediately;

"Fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia;

"Fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

The petitioner, in support of his claim, testified that on Saturday, June 3d, 1922, while employed at the defendant's plant, he tried to lift an iron bar eighteen or twenty feet long, weighing about two hundred and fifty pounds, and while so doing he fell down, and then felt a pain on the left side, in the groin, but after resting a while he went home and saw Dr. Polaner, about two hours after the accident; that he went to work on Monday, two days later, and worked until January 24th, 1923. He further testified that an operation was performed by Dr. Rostow, on February 26th, 1923.

Dr. Polaner, called by the claimant, said that, upon examination on June 3d, he found a hernia. On June 5th, Dr. Szerlip testified that he examined the petitioner on behalf of the respondent and found an inguinal ring but no hernia. Dr. Kessler, on his examination of the petitioner on January 25th, found no hernia, but an enlarged inguinal ring.

The testimony is in accord that, at the time of the operation, on February 26th, 1923, the petitioner was suffering from an inguinal hernia on the left side. Dr. Kessler found this condition upon a re-examination of the petitioner on February 8th. Dr. Rostow examined him for the first time on February 24th, 1923. There is also testimony that an operation was performed for the removal of a hernia on the right side about fourteen or fifteen years ago.

No question was raised as to the employment nor the wages, nor was there any contradiction that an accident happened, as testified to by the petitioner.

The conflict of testimony concerns with the result of the injury, *and under the statute, made applicable by the petitioner's claim, proof of any injury alone is not sufficient to justify an award.* The legislature has laid down certain conditions and the decree of proof required to meet those conditions. The deputy commissioner found, as a fact, that the petitioner did not meet with the requirements of the statute.

This appeal is taken under *P. L. 1921 ch. 229,* which reads, so far as pertinent to this issue, as follows:

"The trial of such appeal shall be based exclusively on the transcript of the record and testimony, and, at the time fixed for the hearing, argument may be presented by each side to the said judge, who shall, in a summary manner, decide the merits of the controversy, and the judgment of the court of common pleas on any such appeal shall be conclusive and binding."

Counsel for the petitioner urges a review and reversal of the facts as found by the compensation bureau. While there is nothing in the statute which holds that a finding of fact by the commissioner is conclusive and binding on this court, and assuming only, for the instant case, the power of the court of common pleas to weigh the evidence and enter judgment accordingly, it would be presumptuous to disregard the settled rule in this state that to set aside a verdict as against the weight of evidence, "it must be so clear as to give rise to an inference that the verdict was the result of mistake, passion or prejudice." *Boesch* v. *Kick, 97 N. J. Law 97,* and

66

cases cited.   In considering this principle, I am not un-mindful of the case of *Scalise* v. *Uvalde Asphalt Paving Co.,* 1 *N. J. Adv. R.* 1011.

Before the passage of the act under which this appeal was taken, and referring to the statute whereby appeals from the compensation bureau were tried *de novo* in the court of common pleas, the court of errors and appeals held that in workmen's compensation cases the supreme court could not review the facts as found by the common pleas court, when there is evidence to support the finding of the lower court.  *Kauffeld* v. *Pfund, 97 N. J. Law 335.*

Taking the matter *sub judice* in its entirety, it shows a conflict of testimony, but there is ample evidence to warrant the judgment of the workmen's compensation bureau, and, therefore, a judgment will be entered for the respondent.

A determination will be entered in accordance with this memorandum.